## No. 556

### GROSS v. CAMPBELL et.

#### No. 20482.      Supreme Court.

On motion to certify. Dock. 4-26-27, 5 Abs. 281.

17. ACCORD AND SATISFACTION— Does the delivery of a check accompanied by a letter stating that the check is in full payment and settlement for all services rendered to date, and the acceptance of the check, constitute an accord and satisfaction?

297. CONTRACTS—1. Does a contract of employment to secure evidence for the purpose of uncovering alleged fraud for compensation, contingent upon the success of the employer, in recovering money out of which he has been defrauded, and a continuation of said employment after the original contract has expired, said continuation being for the purpose of collecting specific evidence for the purpose of winning a law suit, constitute a single contract and is such contract void as being against public policy?

2. Does the failure of the employer to use the evidence so obtained for the purpose of collecting such claim constitute a breach of contract?

This action was commenced in the Common Pleas Court of Mahoning County by Elmer Gross against James A. Campbell, LeRoy A. Manchester, and the Youngstown Sheet & Tube Co. It gre wout of a contract between Gross and the Tube Co. by which Gross was to secure evidence tending to show that the Tube Co. it grew out of a contract between. amounts of money. Gross was to receive one half of the amount recovered and if no recovery was made, he was to receive a reasonable compensation for his services and expenses. Gross proceeded with his investigation, and uncovered evidence which he claims showed fraud of more than one million dollars.

After the original contract had expired, the plaintiff's employment was continued for the purpose of securing certain evidence relating to certain specified matters.

The Tube Co. finally decided to terminate the employment, and no recovery having been made, they delivered to Gross a check for $10,000; the same being enclosed in a letter which stated that this amount was in full payment and settlement for all services rendered to company to date. The trial court sustained a demurrer to the plaintiff's petition, and the Court of Appeals affirmed the trial court. Plaintiff herein is asking that the Court of Appeals be required to certify its record, and claims as follows: —

1. That the contract is valid under the policy of the law to encourage freedom of contracts. Reece v. Kyle, 49 OS. 475.

2. That there was no accord and satisfaction as the defendant's letter enclosing the check did not constitute a receipt for the sum received by plaintiff, and oral evidence was admissable to show the true contract. Merrick v. Boury & Sons, 4 OS. 60; Huntington Co. v. Lumber Co., 109 OS. 488.

Attorneys—Payer, Minshall, Karch & Kerr and Winch, Lurie, Addams & Burke, Cleveland, for Gross; Kennedy, Manchester, Conroy & Ford, for Campbell et; Youngstown.